IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-72 (4) |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ARBIN HOXHA, | : | |
| Defendant. | : | |

## ORDER GRANTING THE GOVERNMENT'S MOTION TO REVOKE BOND (Doc. 16)

This matter is before the Court on the Government's Motion to Revoke Bond (Doc. 16). Defendant has not filed a response in opposition, and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a); S.D. Ohio Crim. R. 1.2. Thus, this matter is ripe for the Court's review. For the reasons below, the Government's Motion to Revoke Bond (Doc. 16) is **GRANTED**.

## BACKGROUND

A federal grand jury returned a six-count Indictment charging eight defendants for their roles in trafficking controlled substances. (Indictment, Doc. 17.) Defendant Arbin Hoxha was specifically charged with one count of distributing five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). (*Id.* at Pg. ID 60.)

Following a detention hearing on July 8, 2024, the United States Magistrate Judge concluded that Defendant rebutted the statutory presumption of detention under 18

U.S.C. § 3142(e)(3)(A) and ordered Defendant released on bond with pretrial release conditions including house arrest and the surrender of Defendant's passport. (07/08/2024 Minute Entry.) Defendant waived extradition and agreed to surrender his passport. (*See id.*) On July 12, 2024, the Government moved for this Court to revoke Defendant's bond. (Motion, Doc. 16.) In its Motion, the Government argues that revocation is appropriate because Defendant: (1) operates a trucking company that takes him across the United States; (2) is an Albanian citizen who recently left the United States for several months; (3) was part of a drug-trafficking organization and transported about 90 kilograms of cocaine as a drug courier, and; (4) lived in California and lacks any ties to the Cincinnati area. (*See id.* at Pg. ID 52.)

## LAW AND ANALYSIS

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. This Court has the authority to review a magistrate judge's original order of release or detention under § 3145(a)(1). The district court reviews a magistrate judge's order of release de novo. *United States v. Ford*, 455 F. Supp. 3d 512, 518 (S.D. Ohio 2020). Furthermore, the district court need not hold a hearing on a motion brought under § 3145(a). *United States v. Hughes*, 668 F. Supp. 3d 744, 747 (S.D. Ohio 2023).

Under § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where, as here, a defendant has been charged with a crime under the Controlled Substances Act that exposes him to a prison sentence of at least ten years, there

2

is a rebuttable presumption for detention. 18 U.S.C. § 3142(e)(3)(A); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant can overcome this presumption if he provides some evidence that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945.

The Government does not appear to challenge the Magistrate Judge's conclusion that Defendant rebutted the presumption of detention. (*See* Motion, Doc. 16, Pg. ID 54-55.) That said, the Court is not convinced. Although a defendant must produce *some* evidence to rebut the presumption, *see Stone*, 608 F.3d at 945, he does not meet this burden by providing just a little evidence in rebuttal, *see, e.g., United States v. Smith*, 2022 WL 16957876, at *3 (N.D. Ohio, Nov. 16, 2022) (holding that the defendant had not rebutted the presumption by offering letters showing his community ties and his mother offering to house him pending trial). Defendant asserted that he would not contest extradition to the United States. (*See* Extradition Waiver, Doc. 13.) This waiver may mitigate the risk of flight, but it is not enough to rebut the presumption that Defendant is a flight risk.

As the Government points out, nothing in that waiver prevents Defendant from fleeing or compels a country to honor the order. (*See* Motion, Doc. 16, Pg. ID 54-55.) Also, Defendant has no ties to the Cincinnati area or family in the United States, travels throughout the United States for work, and has recently left the United States for several months. (*See* Pretrial Services Report, Doc. 12, Pg. ID 35-37.) These circumstances—along with Defendant facing considerable prison time—show a serious risk of flight. *See United States v. Shulkin*, No. 19-4171, 2020 WL 2992522, at *2 (6th Cir. Mar. 18, 2020) (stating that a defendant is a flight risk when he faces a lengthy prison sentence and has family

3

abroad); *United States v. Guerra-Rodriguez*, 59 F.3d 171 (6th Cir. June 23, 1995) (unpublished) (noting that the absence of ties to the forum state matters to evaluating risk of flight); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1131 (S.D. Ohio 2000) (Tenuous ties to the community are a consideration for risk of flight.). Defendant thus remains a flight risk.

Nor has Defendant rebutted the presumption concerning dangerousness. Defendant is charged in connection with large-scale drug trafficking, for which the Government attributes about 90 kilograms of cocaine to Defendant. (*See* Motion, Doc. 16, Pg. ID 55-56.) The Sixth Circuit has recognized that drug-trafficking crimes are inherently dangerous to the community and warrant pre-trial detention. *See Stone*, 608 F.3d at 947 n.6 ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.") (collecting cases). Thus, the presumption on dangerousness remains. That said, even if Defendant rebutted the presumption, detention is still appropriate.

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. The Court considers the following to determine whether the Government has met this burden:

    (1)    The nature and circumstances of the offense charged;

    (2)    The weight of the evidence against the defendant;

    (3)    The history and characteristics of the defendant; and

    (4)    The nature and seriousness of the danger to any person or the community.

4

18 U.S.C. § 3142(g). On review of these factors, the Government has met its burden to show that detention is appropriate.

***Nature and Circumstances of the Offense.*** The first factor favors detention. This factor looks to "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance." 18 U.S.C. § 3142(g)(1). Defendant is charged with trafficking cocaine, which exposes him to a prison sentence of at least ten years. (*See* Indictment, Doc. 17, Pg. ID 60); 21 U.S.C. § 841(b). The seriousness of the offense thus favors detention. 18 U.S.C. § 3142(g)(1); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020).

***Weight of the Evidence.*** The weight of the evidence also favors detention. This factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. The considerable evidence of Defendant's drug trafficking activity in turn indicates a considerable danger to the community. *See id.* at 937 n.6. Thus, this factor favors detention.

***Defendant's History and Characteristics.*** Turning to the third factor, Defendant's history and characteristics favor detention. Defendant has no ties to the area, and he has recently left the country for several months. (*See* Pretrial Services Report, Doc. 12, Pg. ID 35-36.) Although Defendant waived extradition (*see* Extradition Waiver, Doc. 13), the notable absence of any ties to the area and his connections abroad support detention. *Shulkin*, 2020 WL 2992522, at *2; *Guerra-Rodriguez*, 59 F.3d at 171.

***Nature and Seriousness of Danger to the Community.*** This last factor favors detention, as well. Defendant's arrest on drug charges and the presumption triggered by

these charges indicate a serious risk of danger to the community. *See Stone*, 608 F.3d at 947 n.6; *United States v. Hinton*, 113 F. App'x 76, 78 (6th Cir. 2004). To be sure, Defendant's involvement in trafficking a sizeable amount of cocaine shows that he poses such a danger. Thus, this factor supports detention.

\* \* \*

Detention is appropriate. Defendant has not rebutted the presumption for detention. And, even if he had, the § 3142(g) factors show that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *See Stone*, 608 F.3d at 745. As a result, the Court grants the Government's Motion and revokes Defendant's bond.

## CONCLUSION

Based on the foregoing reasons, the Court **ORDERS** the following:

1. The Government's Motion to Revoke Bond (Doc. 16) is **GRANTED**;
2. Defendant's bond is **REVOKED**; and
3. Defendant **SHALL BE DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

6